

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2009

# USA v. Rogelio Guevara-Cari

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4033

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Rogelio Guevara-Cari" (2009). *2009 Decisions.* Paper 1127.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1127

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4033
_____

UNITED STATES OF AMERICA,

v.

ROGELIO GUEVARA-CARILLO,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 07-cr-00493)
District Judge: Honorable A. Richard Caputo

_____

Submitted Under Third Circuit LAR 34.1(a)
June 11, 2009

Before: McKEE, HARDIMAN and VAN ANTWERPEN, *Circuit Judges*.

(Filed: June 25, 2009)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Rogelio Guevara-Carillo pleaded guilty to one count of possessing contraband – a

homemade knife or "shank" – while incarcerated at FCI Schuylkill, in violation of 18

U.S.C. § 1791. The District Court imposed a within-Guidelines sentence of 28 months

imprisonment and Guevara-Carillo filed this timely appeal, over which we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Counsel for Guevara-Carillo has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Guevara-Carillo declined to submit a *pro se* brief in response thereto. When counsel files a motion pursuant to *Anders*, we determine whether: (1) counsel adequately fulfilled the *Anders* requirements, and (2) an independent review of the record presents any nonfrivolous issues. *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000).

To meet the first prong, appointed counsel must examine the record, conclude that there are no nonfrivolous issues for review, and request permission to withdraw. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Counsel must accompany a motion to withdraw with a "brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Counsel need not raise and reject every possible claim, but must, at a minimum, meet the "conscientious examination" standard set forth in *Anders*. *Youla*, 241 F.3d at 300.

Guevara-Carillo's counsel filed a motion to withdraw along with an *Anders* brief, asserting that he "made a thorough and conscientious review of the record" revealing that no appealable issues exist because the District Court had jurisdiction, the guilty plea was knowing and voluntary, and the sentence was reasonable.

The District Court's jurisdiction is beyond question. Guevara-Carillo was charged under a federal statute, 18 U.S.C. § 1791. Because district courts have subject matter jurisdiction over all offenses against the laws of the United States under 18 U.S.C. § 3231, there is no viable issue as to the District Court's jurisdiction in this case.

The validity of a guilty plea turns on whether the plea was "knowing, voluntary and intelligent." *United States v. Tidwell*, 521 F.3d 236, 251 (3d Cir. 2008). A defendant challenging the voluntariness of his guilty plea must establish that the trial court failed to comply with the mandates of *Boykin v. Alabama*, 395 U.S. 238 (1969), and Federal Rule of Criminal Procedure 11(b). *See United States v. Schweitzer*, 454 F.3d 197, 202-03 (3d Cir. 2006). The District Court and the Government informed Guevara-Carillo through his translator of the charges against him, the underlying conduct that the Government would prove at trial, the rights he would be waiving by entering a guilty plea, and the ramifications of pleading guilty to the offense. Guevara-Carillo was also asked a number of questions – including whether he was satisfied with his court-appointed counsel – which he answered in the affirmative through his translator. Guevara-Carillo agreed that he had committed the acts outlined in the indictment, and that his plea was voluntary and not the product of coercion or promises of leniency. Based on this record, we find no appealable issue of merit as to the validity or voluntariness of Guevara-Carillo's guilty plea.

Finally, the reasonableness of the sentence is also beyond dispute. We review a district court's sentence for reasonableness, evaluating both its procedural and substantive underpinnings under a deferential abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007). In imposing a sentence, the District Court must: (1) correctly determine, as a matter of fact, and as a matter of law, the proper Guidelines sentence; (2) correctly determine the applicability of any departure motions; and (3) exercise its discretion to determine the applicability of any of the relevant 18 U.S.C. § 3553(a) factors. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

The 27 to 33 month Guidelines range calculated by the Probation Office was not disputed. Thus, the District Court properly followed the first step of *Gunter*.

The second step was inapplicable because no departures were requested. The third step required the Court to make an individualized assessment and consider all of the § 3553(a) factors in determining the final sentence. In imposing the 28-month sentence, the District Court reviewed the § 3553(a) factors extensively, clearly indicated its consideration of those factors, and imposed its sentence in light of those factors. In explaining its judgment, the District Court explicitly noted that: (1) possession of a weapon in prison, regardless of motive, is a serious offense; (2) Guevara-Carillo's criminal history was not overstated by the Guidelines calculation; (3) the sentence both promoted respect for the law and deterred others contemplating the same activity; and (4) the sentence was less than a recently-imposed sentence on a similarly-situated inmate. It

4

then imposed a sentence of 28 month imprisonment, which was one month above the bottom of the Guidelines range. Accordingly, we find no appealable issue of merit as to Guevara-Carillo's sentence.

Having exhausted the possible avenues for meritorious appeal, we find that counsel's discussion of the reasons why no appealable issues exist meets the requirements of the first prong of *Anders*.

As for the second prong of *Anders*, we have independently reviewed the record and we agree with counsel's comprehensive analysis as to why no appealable issue exists. The District Court's analysis of Guevara-Carillo's prior crimes, his circumstances, and the goals of sentencing was more than adequate.

Accordingly, we will affirm the judgment of the District Court and, in a separate order, grant counsel's motion to withdraw pursuant to *Anders*.